**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KidsMed Inc.,** | ) | **FILED: JULY 17, 2008** |
| | ) | **08CV4059** |
| **Plaintiff,** | ) | **JUDGE SHADUR** |
| | ) | **MAGISTRATE JUDGE SCHENKIER** |
| **v.** | ) | **AEE** |
| | ) | Civil Action No. |
| **Westmed, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Demand** |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, KidsMed LLC ("KidsMed") by its attorneys, complains of Westmed, Inc. ("Defendant"), as follows:

## THE PARTIES

1.      Plaintiff, KidsMed, is a corporation organized and existing under the laws of the state of Illinois, and has its principal place of business in Hinsdale, Illinois. KidsMed is the maker of Nicholas "Nic" The Dragon, a breathing mask medical device designed for children with asthma.

2.      Defendant, Westmed, Inc. ("Westmed") is an Arizona Corporation with its principal place of business at 5580 S. Nogalas Hwy., Tucson, Arizona 85706.

3.      Westmed is a medical device manufacturing company which develops, manufactures and markets disposable anesthesia and respiratory medical devices.

4.      Westmed has engaged in the transaction of business and has committed the acts complained of herein in the Northern District of Illinois.

1

## NATURE OF ACTION AND JURISDICTION

5.      This is an action for copyright infringement, trademark infringement, and unfair competition, in violation of:  the Copyright Act, 17 U.S.C. § 501(a); the Lanham Act, 15 U.S.C. § 1125(a); the Illinois Trademark Protection and Registration Act, 765 ILCS 1036/60; the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2; and common law principles of trademark infringement and unfair competition. The acts complained of have occurred in this District and in interstate commerce.

6.      This Court also has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.  It also has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.  Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.      At all material times, Westmed conducted business in this District within the meaning of  28 U.S.C. § 1391(b) and (c).  Venue is proper in this District under 28 U.S.C. § 1391(b).

8.      This action arises from Westmed's infringement of KidsMed's inherently distinctive registered trademark and federally registered copyright for Nic the Dragon.

## KidsMed's Copyright and Trademark Rights in Nic the Dragon

9.      Nicholas "Nic" the Dragon ("Nic") is a colorful, fun and exciting breathing mask for children requiring asthma aerosol medication.  Nic the Dragon resembles a fictional dragon. Deep breathing makes the nose of Nic the Dragon smoke.  Because kids like Nic the Dragon, they are more likely to breathe deeply and frequently − and deeper breathing delivers more of the medication they need.  A color copy of the Nic the Dragon mask is attached hereto as Exhibit A.

10.     Nic the Dragon is the subject of a federally registered copyright.  A copy of the Certificate of Registration is attached hereto as Exhibit B.

11.     KidsMed is the owner and sole creator of the Nic the Dragon copyright.

12.     Nic the Dragon is the subject of a state trademark registration in Illinois. A copy of the Certificate of Registration is also attached hereto as Exhibit C.

13.     Nic the Dragon is the subject of a state servicemark registration in Illinois.  A copy of the Certificate of Registration is attached hereto as Exhibit D.

14.     KidsMed is the registered owner of the Nic the Dragon trademark.

15.     KidsMed is the registered owner of the Nic the Dragon servicemark.

16.     The Nic the Dragon copyright and trademark are well-known to medical professionals, children requiring asthma aerosol medication, and their parents.

17.     This broad-based recognition of the Nic the Dragon copyright and trademark is the result of more than nine years of exclusive and continuous use by KidsMed of the unique overall look of the breathing mask, as well as significant advertising and marketing of Nic the Dragon by KidsMed.  The advertising and marketing that KidsMed has done has been directed specifically towards the creation of a recognition among consumers that Nic the Dragon comes from KidsMed.

18.     The Nic the Dragon copyright and trademark are distinctive.

19.     The Nic the Dragon aerosol mask has established and maintained, over many years, a high level of goodwill and a reputation in the medical supply industry for safety, quality and consistency.

20.    Through the widespread and favorable public acceptance and recognition of the Nic the Dragon copyright and trademark, it had become known to Westmed, the Defendant complained of herein.

21.    KidsMed uses the Nic the Dragon trademark in interstate commerce.

### Defendant's Acts of Trademark Infringement, Unfair Competition and Copyright Infringement

22.    In late May, 2008 KidsMed became aware that Westmed was selling a dragon aerosol mask ("Westmed Dragon") virtually identical and confusingly similar to KidsMed's Nic the Dragon aerosol mask.

23.    The "Westmed Dragon" bears the Westmed trademark.  See photograph of "Westmed Dragon" attached hereto as Exhibit E.

24.    On information and belief, Westmed is selling the "Westmed Dragon" throughout the United States and is engaged in interstate commerce.

25.    On information and belief, Westmed sells the "Westmed Dragon" on its website, www.westmedinc.com, and refers to it as the "Pediatric Dragon Mask."

26.    On information and belief, at least two hospitals in the Chicago area are buying the infringing "Westmed Dragon," including the University of Illinois at Chicago Hospital and Sherman Hospital.

27.    By selling its "Westmed Dragon" aerosol mask, which is virtually identical in appearance to the Nic the Dragon aerosol mask, consumers are likely to be confused as to Westmed's affiliation, connection, or association with KidsMed, or as to the sponsorship or approval by KidsMed of Westmed's use of its trademark and copyright rights in the Nic the Dragon aerosol mask.

28.    Westmed is not licensed by KidsMed to use either the Nic the Dragon copyright or the Nic the Dragon trademark.

29.    Westmed is not licensed to use, manufacture, or distribute products using the Nic the Dragon copyright or Nic the Dragon trademark.

30.    Westmed acted in an unlawful manner in selling the "Westmed Dragon" without license.

31.    By July 19, 1999, Westmed had actual notice of KidsMed's rights, and by that date, at the latest, knew or should have known of the valuable reputation and goodwill symbolized by the Nic the Dragon copyright and trademark and its association with KidsMed.

32.    As a result of Westmed's prior knowledge of KidsMed's Nic the Dragon trademark and copyright, Westmed's sale of the "Westmed Dragon" is a willful act. Such a willful act by Westmed has caused irreparable injury to KidsMed.

## COUNT I

## COPYRIGHT INFRINGEMENT

33.    KidsMed realleges the allegations of paragraphs 1 through 32 above as though fully set forth herein.

34.    This count is for copyright infringement and arises under Section 501 of the Copyright Act of 1976, 17 U.S.C. § 501, et seq..

35.    KidsMed is the owner of a duly registered copyright in the design for Nic the Dragon, described above, and owns the exclusive right to copy and reproduce the work.  A copy of the Certificate of Registration is attached hereto as Exhibit B.

36.    Westmed is not authorized by KidsMed to copy, reproduce or distribute Plaintiff's copyrighted work, and any such copying is unlawful under Title 17 of the United States Code.

37.     Westmed copied, reproduced and distributed KidsMed's copyrighted work by marketing, displaying, and selling its confusingly similar "Westmed Dragon" aerosol mask.

38.     Westmed's activities have caused, and will continue to cause, KidsMed to suffer substantial injury.

## COUNT II

### VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

39.     KidsMed realleges the allegations of paragraphs 1 through 38 above as though fully set forth herein.

40.     Westmed has  marketed, displayed and sold the "Westmed Dragon" product.

41.     Westmed's actions are likely to cause confusion or cause mistake, or to deceive the relevant consuming public, and are further likely to damage the reputation and goodwill previously established by KidsMed in the Nic the Dragon trademark.

42.     The foregoing acts of Westmed constitute infringement of KidsMed's Nic the Dragon trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Westmed's activities have caused, and will continue to cause, KidsMed to suffer substantial injury.

## COUNT III

### TRADEMARK INFRINGEMENT UNDER THE ILLINOIS TRADEMARK PROTECTION AND REGISTRATION ACT

44.     KidsMed realleges the allegations of paragraphs 1 through 43 above as though fully set forth herein.

45.     Westmed's use of the Nic the Dragon trademark has caused and is likely to continue to cause confusion or mistake or to deceive as to the source or origin of Nic the Dragon.

46.     Westmed's infringement of KidsMed's registered trademark in Illinois is causing and will continue to cause substantial injury to KidsMed in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60.

## COUNT IV

## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

47.     KidsMed realleges the allegations of paragraphs 1 through 46 above as though fully set forth herein.

48.     Westmed's activities set forth above have caused and will continue to cause a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation, source or connection of Westmed's goods and services by KidsMed.  In addition, Westmed's activities have given rise and will continue to give rise to the incorrect belief that Westmed has some connection with KidsMed, cause a likelihood of confusion as to the source of its goods and services, and irreparably damage KidsMed's goodwill and reputation, all in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

49.     KidsMed realleges the allegations of paragraphs 1 through 48 above as though fully set forth herein.

50.     KidsMed owns and uses the Nic the Dragon trademark in connection with the goods described herein.

51.     As a result, KidsMed owns and enjoys common law rights in Illinois, and throughout the United States, in and to the Nic the Dragon trademark which are superior to any rights which Westmed may claim in and to said trademark in any form or style with respect to the goods described herein.

52.     Westmed's conduct has caused and is likely to continue to cause confusion with KidsMed's use of its distinctive Nic the Dragon trademark.  Consumers are likely to be confused as to Westmed's affiliation, connection, or association with KidsMed or as to the origin, sponsorship, or approval by KidsMed of Westmed's "Westmed Dragon" product.  Defendant's actions have caused and will continue to cause irreparable damage to KidsMed's goodwill and reputation, in violation of common law trademark principles.

### COUNT VI

### COMMON LAW UNFAIR COMPETITION

53.     KidsMed realleges the allegations of paragraphs 1 through 52 above as though fully set forth herein.

54.     Westmed has misappropriated valuable property rights of KidsMed.

55.     Westmed is trading on the goodwill symbolized by the distinctive Nic the Dragon trademark.

56.     Westmed's actions are likely to confuse and deceive members of the consuming public, and have caused and will continue to cause irreparable damage to KidsMed's goodwill and reputation, in violation of common law unfair competition in the state of Illinois

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiff KidsMed prays that judgment be entered in its favor and against Defendant as follows:

1.     As to Count I:

(a)     that Defendant be permanently enjoined from manufacturing, using, displaying or selling the Nic the Dragon copyright;

(b)     that the Court impound and order for destruction all infringing articles under the possession and control of Defendant;

(c)     that the Court award actual damages and profits, or upon the election of KidsMed and before final judgment is rendered, statutory damages, and costs and attorneys' fees for Defendant's willful infringement of KidsMed's Nic the Dragon copyright pursuant to Sections 502, 503, 504 and 505 of the Copyright Act of 1976, 17 U.S.C. §§ 501, et seq..

2.     As to Count II:

(a)     that Defendant be permanently enjoined from manufacturing, using, displaying or selling the "Westmed Dragon" and that the Court impound and order for destruction all infringing articles in the possession and control of Defendant;

(b)     that the Court award KidsMed profits, damages, costs and attorneys' fees for Defendant's willful infringement of KidsMed's Nic the Dragon trademark pursuant to Sections 34, 35 and 36 of the Lanham Act §§ 1051, et seq..

3.     As to Count III:

(a)     that Defendant be permanently enjoined from manufacturing, using, displaying or selling the "Westmed Dragon" and that the Court impound and order for destruction all infringing articles in the possession and control of Defendant pursuant to 765 ILCS 1036/70;

(b)     that the Court award KidsMed profits and damages, and reasonable attorneys' fees pursuant to 765 ILCS 1036/70, including treble damages due to the intentional, bad-faith and willful nature of Defendant's acts.

4.   As to Count IV:

    (a)   that Defendant be permanently enjoined from manufacturing, using, displaying or selling the "Westmed Dragon" and that the Court impound and order for destruction all infringing articles in the possession and control of Defendant;

    (b)   that the Court award costs and attorneys' fees to KidsMed pursuant to 815 ILCS 510/3, due to the intentional, bad-faith and willful nature of Defendant's acts.

5.   As to Counts V and VI:

    (a)   that Defendant be permanently enjoined from manufacturing, using, displaying or selling the "Westmed Dragon" and that the Court impound and order for destruction all infringing articles in the possession and control of Defendant;

    (b)   that the Court award KidsMed profits, damages, costs and attorneys' fees for Defendant's willful infringement of KidsMed's Nic the Dragon trademark and copyright.

6.   That the Court award KidsMed such other and further relief as it deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), KidsMed demands a trial by jury on all issues so triable.

Dated:  July 17, 2008

Respectfully Submitted,

KIDSMED Inc.

By:    /s/  Stephen P. Durchslag

Stephen P. Durchslag
Timothy J. Rivelli
Lisa K. Seilheimer
WINSTON & STRAWN
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (fax)
sdurchslag@winston.com (email)
trivelli@winston.com (email)
lseilheimer@winston.com (email)

11

## INDEX OF EXHIBITS

**EXHIBIT A:**  Photograph of Nicholas "Nic" Dragon mask

**EXHIBIT B:**  U.S. Certificate of Registration for Nicholas "Nic" Dragon Copyright

**EXHIBIT C:**  Illinois Certificate of Registration for Nicholas "Nic" Dragon Trademark

**EXHIBIT D:**  Illinois Certificate of Registration for Nicholas "Nic" Dragon Servicemark

**EXHIBIT E:**  Photograph of "Westmed Dragon" mask

# EXHIBIT A



# EXHIBIT B

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VAu 420-488**

EFFECTIVE DATE OF REGISTRATION

12   20   98
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼

Nicholas Dragon

NATURE OF THIS WORK ▼ See Instructions

Sculpture

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.     Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼     Number ▼     Issue Date ▼     On Pages ▼

**2**

**a** NAME OF AUTHOR ▼

Cynthia L. Nicholas

DATES OF BIRTH AND DEATH
Year Born ▼ 1954     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?     ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate boxes. See Instructions
☒ 3-Dimensional sculpture     ☐ Map     ☐ Technical drawing
☐ 2-Dimensional artwork     ☐ Photograph     ☐ Text
☐ Reproduction of work of art     ☐ Jewelry design     ☐ Architectural work
☐ Design on sheetlike material

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼     Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?     ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate boxes. See Instructions
☐ 3-Dimensional sculpture     ☐ Map     ☐ Technical drawing
☐ 2-Dimensional artwork     ☐ Photograph     ☐ Text
☐ Reproduction of work of art     ☐ Jewelry design     ☐ Architectural work
☐ Design on sheetlike material

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given ◀ Year in all cases.
1997

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.
Month ▶     Day ▶     Year ▶     ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Cynthia L. Nicholas
1 South Thurlow
Hinsdale, IL 60521

APPLICATION RECEIVED
JAN 20 1998
ONE DEPOSIT RECEIVED
JAN 20 1998
TWO DEPOSITS RECEIVED

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

REMITTANCE NUMBER AND DATE

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.  • Sign the form at line 8.

DO NOT WRITE HERE

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA
4

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼          **Account Number** ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
Edmund S. McAlister, Esq.
Peterson & Ross
200 East Randolph Drive
Suite 7300
Chicago, Il. 60601 Area Code and Telephone Number ▶ (312) 831-2400

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of    Cynthia L. Nicholas
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Edmund S. McAlister          date ▶ Jan 14, 1998

👉 Handwritten signature (X) ▼

**MAIL
CERTIFI-
CATE TO**

Certificate
will be
mailed in
window
envelope

Name ▼
Edmund S. McAlister, Peterson & Ross
Number/Street/Apartment Number ▼
200 E. Randolph Drive, Suite 7300
City/State/ZIP ▼
Chicago, Ill 60601

**• YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material
**MAIL TO**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1993—100,000          ⬧U.S. GOVERNMENT PRINTING OFFICE: 1993 342-581/60

# EXHIBIT C



# OFFICE OF THE SECRETARY OF STATE

### JESSE WHITE • Secretary of State       March 24, 2008

CYNTHIA A. DIONNE
1 S THURLOW
HINSDALE, IL  60521


   Enclosed is a Certificate of Renewal for the
following TRADEMARK:

"NICHOLAS DRAGON LOGO" registration number 081912.


   Receipt is hereby acknowledged of the statutory fee
covering the cost of the same.  An application for
renewal will be mailed to the registrant approximately
sixty days prior to the expiration date.  Please contact
the division listed below to obtain change of address/
name forms to ensure delivery of the renewal notice.


                                    Sincerely,



                                    JESSE WHITE
                                    Trademark Section



Department of Business Services
3rd Floor, Howlett Building
Springfield, IL 62756

(217) 524-0400

# STATE of ILLINOIS

## CERTIFICATE OF RENEWAL

Application has been made by, **CYNTHIA A. DIONNE, 1 S THURLOW, HINSDALE, IL 60521** , for renewal of **TRADEMARK** registration number **081912**, which is described as follows: "**NICHOLAS DRAGON LOGO**" registered on **April 06, 1998,** a specimen or facsimile of which mark, as currently used, is attached hereto:



The application has been duly examined and the registration has been found to be renewable in accordance with the laws of this State. The registration is therefore renewed as of this day for a five year period ending **April 06, 2013.**



**In Witness Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of State, at the Capitol in the city of Springfield, March 24, 2008.**

*Jesse White*

JESSE WHITE
SECRETARY OF STATE

# EXHIBIT D



# OFFICE OF THE SECRETARY OF STATE

**JESSE WHITE** • Secretary of State    **March 24, 2008**

CYNTHIA A. DIONNE
1 S THURLOW
HINSDALE, IL  60521


   Enclosed is a Certificate of Renewal for the
following SERVICEMARK:

"NICHOLAS DRAGON LOGO" registration number 081913.


   Receipt is hereby acknowledged of the statutory fee
covering the cost of the same.  An application for
renewal will be mailed to the registrant approximately
sixty days prior to the expiration date.  Please contact
the division listed below to obtain change of address/
name forms to ensure delivery of the renewal notice.


                                        Sincerely,



                                        JESSE WHITE
                                        Trademark Section


Department of Business Services
3rd Floor, Howlett Building
Springfield, IL 62756

(217) 524-0400

# STATE of ILLINOIS

## CERTIFICATE OF RENEWAL

Application has been made by, **CYNTHIA A. DIONNE, 1 S THURLOW, HINSDALE, IL 60521** , for renewal of **SERVICEMARK** registration number **081913**, which is described as follows: "**NICHOLAS DRAGON LOGO**" registered on **April 06, 1998,** a specimen or facsimile of which mark, as currently used, is attached hereto:



The application has been duly examined and the registration has been found to be renewable in accordance with the laws of this State. The registration is therefore renewed as of this day for a five year period ending **April 06, 2013.**



In Witness Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of State, at the Capitol in the city of Springfield, March 24, 2008.

*Jesse White*

JESSE WHITE
SECRETARY OF STATE

# EXHIBIT E

